# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00676-CV

**Thomas James Negri, Appellant**

**v.**

**Karen Jack, Individually and as Executor of the Estate of Shirley Cowan, Deceased, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT NO. D-1-GN-07-003958, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Thomas James Negri, appearing pro se, purports to appeal from an agreed order whereby a co-defendant in the underlying lawsuit agreed to release property that is subject to a temporary injunction. We will dismiss this appeal for want of subject-matter jurisdiction.

Negri is married to Teresa Negri, who is the sister of appellee Karen Jack. Teresa[1] and Jack are daughters of Shirley Cowan. Cowan disappeared in 2001 and is presumed dead. In July 2007, Negri was convicted of Cowan's murder, and is currently incarcerated.[2] In November 2007, Jack brought a wrongful death action against Negri and Teresa, alleging, among other things, that the couple had converted assets of Cowan's estate. In July 2009, Jack amended

---

[1] We will use Teresa Negri's first name to distinguish her from her husband, the appellant.

[2] This Court affirmed Negri's conviction in May 2009. *See Negri v. State*, No. 03-07-00588-CR, 2009 WL 1255572, at *8 (Tex. App.—May 6, 2009, pet. ref'd) (mem. op.).

her petition to join several additional defendants to whom she alleged that Negri had fraudulently transferred assets. Jack also obtained a temporary restraining order and then a temporary injunction barring the defendants from transferring or expending certain assets that had been in possession of Negri or any business or corporation in which he had an interest after January 1, 2001. The temporary injunction was signed on August 10, 2009.

In October 2009, Jack filed two motions against Teresa, a motion for contempt and sanctions and a motion to preserve property subject to the temporary injunction and to compel Teresa to transfer the property to Jack or a receiver. Those motions were set for hearing on October 28, 2009. Prior to the hearing, Teresa, individually and as president of TJMB Builders, Inc., and Jack, individually and as executor of the estate of Shirley Cowan, reached a settlement regarding the transfer motion whereby Teresa agreed to release certain property subject to the temporary injunction to Jack. The district court signed an agreed order effectuating the settlement on October 27, 2009.

On November 19, 2009, Negri filed a notice of appeal from the agreed order effectuating the settlement between Teresa and Jack. Jack responds that we lack subject-matter jurisdiction over Negri's appeal because Negri does not challenge any appealable order and that he lacks standing to complain of the agreed order. We need go no further than to observe that the agreed order is neither a final order nor a type of interlocutory order that the legislature has made appealable. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *cf.* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(4) (West 2008) (allowing appeal from district court's interlocutory order granting or refusing temporary injunction or granting or overruling motion to dissolve

2

temporary injunction).  The agreed order does not dissolve the temporary injunction, and to the extent that Negri is complaining that the temporary injunction was granted in the first place, he did not timely perfect such an appeal. *See* Tex. R. App. P. 26.1.  We dismiss Negri's appeal for want of subject-matter jurisdiction.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Dismissed for Want of Jurisdiction

Filed:   December 15, 2010

3